IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPHUS JACKSON #B-35067,       )
                                 )
            Petitioner,          )
                                 )
      v.                         )    No.  10 C 5019
                                 )
GERARDO ACEVEDO, WARDEN,         )
                                 )
            Respondent.          )

MEMORANDUM ORDER

Josephus Jackson ("Jackson") has filed a self-prepared Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. §2254[1] to challenge his state court conviction on a charge of felony first degree murder on which he is serving a 60-year term.[2] This Court has conducted the review called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), and it concludes that the Petition may go forward.

Petition ¶2 reflects an August 2, <u>1999</u> date of Jackson's conviction following his original guilty plea to the murder charge plus a count charging home invasion--a date that immediately alerted this Court to the question of the Petition's timeliness in terms of the one-year limitation established by

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] "Self-prepared" is employed in the sense that Jackson has utilized a now-superseded (but still usable) AO 241 form of Petition, filling in the requested information in handwritten form.

Section 2244(d). In that respect the Petition asserts that Jackson has taken two separate appeals, the first of which resulted in a vacatur of Jackson's guilty plea because of some failures on the part of the trial court (Petition ¶9(a) to (d)). Jackson's second appeal, which challenged the action taken by the trial court post-remand, resulted in the affirmance of his conviction by an unpublished Illinois Appellate Court order that he reports as having been issued on June 11, 2003 (Petition ¶9(e)). Jackson then reports that he sought post-conviction relief from the Circuit Court of Cook County, and that effort was met by dismissal at the trial court level on September 29, 2006 (Petition ¶11(a)).

Those are the only dates referred to in the Petition as to the steps that Jackson took in the state court system to exhaust his remedies there before turning to this federal court for possible relief. And because that information does not suffice to enable this Court to determine whether or not Jackson has bridged the wide gap in time so as to stop the limitations clock from beginning to tick until July or August 2009,[3] this Court has

---

[3] Jackson's papers were received in this District Court on August 10, 2010, though he has dated both the Petition and the accompanying Motion for Appointment of Counsel ("Motion") July 23, 2010. Because Jackson would be entitled to the benefit of the "mailbox rule," the most favorable assumption as to the time factor would credit the July date--but because that would make no difference in light of the multiyear period that he needs to explain, that subject need not be explored further.

2

obtained the state court documentation needed for that determination:

>   1.  from the Illinois Appellate Court for the First District, its June 11, 2003 unpublished order in Case No. 1-02-0342 (the order referred to in Petition ¶9(e)) and its June 10, 2009 unpublished order in Case No. 1-07-1939 (the "2009 Order," which decided Jackson's appear from the dismissal of his state post-conviction petition referred to in Petition ¶11(a); and
>
>   2.  copies of two Illinois Supreme Court denials of leave to appeal from those Appellate Court orders: its October 7, 2003 denial as to Case No. 1-02-0342 (reported in table at 205 Ill.2d 613, 803 N.E.2d 491) and its November 25, 2009 denial as to Case No. 1-07-1939 (reported in table at 234 Ill.2d 538, 920 N.E.2d 1077).

What that combined input teaches is that the start of the Section 2244(d)(1)(A) limitation period--the finality of the state court judgment "by the conclusion of direct review or the expiration of time for seeking such review" (subsection (A)) came in early January 2004. That is so because the unanimous decision in Clay v. United States, 537 U.S. 522 (2003) defined "finality" under Section 2255 as equivalent in scope to the Section 2244(d)(1)(A) formulation and as including the time to seek certiorari even if a petitioner has not done so--and that adds 90

3

days to the October 7, 2003 date of denial of leave to appeal in Case No. 1-02-342.

As the next step in the timeliness analysis, Section 2244(d)(2) tolls the limitations clock while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." In this instance that pendency began when Jackson filed his initial state post-conviction petition on December 9, 2003.[4]

Thus no time had run on the one-year limitations clock before the tolling provision of Section 2244(d)(2) kicked in. And as surprising as it would seem and although the 2009 Order is not entirely clear on the subject, that Order appears to read as though that initial state post-conviction filing and the further developments described there kept the proceedings in a "pending" condition until (1) the entry of the 2009 Order and then (2) the November 25, 2009 denial of leave to appeal.

To turn briefly to the substance of Jackson's current claims, it would seem likely that he has a tough row to hoe in light of the findings by the Illinois Appellate Court, but the limited input that he has provided is insufficient to permit this Court to make an informed judgment on that score. That plus the earlier-mentioned uncertainty as to the uninterrupted pendency of

---

[4] That date is set out in the Appellate Court's narrative in its 2009 Order.

his state court post-conviction efforts calls for a response from the respondent Warden (in reality, the office of the Illinois Attorney General). In accordance with Section 2254 Rule 4, respondent is ordered to file an answer, motion or other response on or before September 30, 2010.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 16, 2010