```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

JOSEPHUS JACKSON #B-35067         )
                                  )
            Plaintiff,            )
                                  )
       v.                         )     No. 10 C 5019
                                  )
GERARDO ACEVEDO, WARDEN,          )
                                  )
            Defendant.            )
```

MEMORANDUM OPINION & ORDER

After Josephus Jackson ("Jackson") filed a self-prepared Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. §2254, challenging his state court conviction on a charge of felony first degree murder on which he is serving a 60-year custodial term, this Court ordered the Illinois Attorney General's Office to file an answer (see Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). That Answer was filed on September 20, 2010 together with a voluminous set of exhibits.

This Court then ordered Jackson to file a Reply. Following an extension of time for that purpose, on November 22 Jackson's self-prepared Reply was received in the Clerk's Office and delivered to this Court's chambers.

Here is how Jackson's Reply at 9 accurately describes the four claims set out in his petition:

> A. Petitioner's guilty plea was involuntary because trial counsel coerced him into pleading guilty, thus "violating his 6th and 14th Amendment constitutional rights."

> B. his confession was mentally and physically coerced in violation of his 5th and 9th Amendment rights.
>
> C. his arrest and conviction were unlawful under the 14th Amendment because they were based upon false information obtained illegally by the police; and
>
> D. appellate counsel was ineffective on direct appeal for failing to argue that the trial court abused its discretion when it denied petitioner's motion to suppress his confession, thus violating his rights under the 6th Amendment.

As to each of those claims, the Answer had meticulously described why it was procedurally defaulted: As to Claim A, see Answer at 11-12; as to Claim B, see Answer at 13; and as to Claims C and D, see Answer at 12-13.

Jackson's Reply is wholly unpersuasive. In part he urges that his December 9, 2003 state post-conviction petition did the job (although it clearly did not), and in part he blames his failure to exhaust state remedies (the precondition to a federal habeas petition) on his reliance on someone he terms a "jail house litigator." What controls, however, is Jackson's unquestionable failure "to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings" (Malone v. Walls, 538 F.3d 744, 753 (7th Cir. 2008)), coupled with his clear inability to demonstrate either (1) a legitimate cause for his default, with consequent actual prejudice, or (2) a fundamental miscarriage of justice (his actual innocence) -- in those respects, see the seminal opinion in Schlup v. Delo, 513 U.S.

298, 321 (1995) and the host of cases adhering to and applying that same principle since then.

In summary, Jackson's Petition does not entitle him to habeas relief. Both the Petition and this action are dismissed, and this Court's earlier denial of Jackson's motion for appointment of counsel to represent him pro bono publico remains in effect.

_____
Milton I. Shadur
Senior United States District Judge

Dated:    November 30, 2010